UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MICHAEL ALLEN BARLOW and
JENNIFER ANN GALLAGHER-BARLOW,

       Debtors.

_____/

Case No. DK 08-09465
Chapter 13
Hon. Scott W. Dales

MICHAEL ALLEN BARLOW and
JENNIFER ANN GALLAGHER-BARLOW,

       Plaintiffs,

v.

STEVEN A. MCGEE,

       Defendant,

v.

MERIDIAN TITLE CORPORATION and
LYNN BOSS,

       Third-Party Defendants.

_____/

Adversary Pro. No. 10-80069

**OPINION AND ORDER REGARDING
REQUEST FOR WRIT OF *HABEAS CORPUS*
AND OTHER MATTERS**

PRESENT:    HONORABLE SCOTT W. DALES
              United States Bankruptcy Judge

Defendant Steven A. McGee (the "Defendant") has filed numerous motions and other documents in anticipation of the court's hearing on his adversaries' motions for summary judgment. This Opinion and Order addresses the following motions: (1) Motion, Pursuant To

Fed. R. Civ. P. 78(b), To Have Filed Motions Determined By Submission On Brief ("Rule 78 Motion," DN 162); Motion For Order Of *Habeas Corpus Ad Testificandum* ("*Habeas* Motion," DN 159); and (3) Motion For Appointment Of Counsel ("Counsel Motion," DN 154).

With respect to the Defendant's Rule 78 Motion, the court notes that Fed. R. Civ. P. 78 does not apply in adversary proceedings. The practice of this court is to review all written submissions in advance of every hearing, irrespective of whether the author appears to argue in favor or against his position. In this way, the court honors the spirit of Fed. R. Civ. P. 78, though the letter of the rule does not apply. The court will deny the Rule 78 Motion.

With respect to Defendant's *Habeas* Motion, the court believes that it has authority to consider the motion under the District Court's referral of all bankruptcy-related matters, notwithstanding the fact that bankruptcy judges are not appointed under Article III of the United States Constitution. The court notes that the United States District Court has, by local rule, authorized United States Magistrate Judges to issue writs of *habeas corpus ad testificandum*, and that magistrate judges, like bankruptcy judges, are not "Article III Judges." Moreover, bankruptcy judges are judicial officers of the United States District Court. *See* 28 U.S.C. § 152. Congress has authorized the court, including bankruptcy judges to whom cases have been referred, to issue any "order, process or judgment that is necessary or appropriate to carry out the provisions of this title [11]." 11 U.S.C. § 105(a); *cf.* 28 U.S.C. § 1651.

Unlike other writs of *habeas corpus*, which affect substantive rights as part of the federal courts' supervisory jurisdiction to protect civil rights, the office of a writ of *habeas corpus ad testificandum* is far more limited and inherently procedural in nature. It serves merely to bring a person before court, temporarily, to testify or present argument. Given the nature of the writ of *habeas corpus ad testificandum*, and in view of L.Civ.R. 83.2 and 72.1(f)(v) (W.D. Mich.), and

other authorities, there does not appear to be any constitutional impediment to the court's considering the Defendant's *Habeas* Motion. *In re Burrell*, 186 B.R. 230 (Bankr. E.D. Tenn. 1995).[1]

On the merits of the *Habeas* Motion, the court is not persuaded that it should exercise its discretion to order the United States Marshal to produce the Defendant at the October 13, 2010 hearing in Kalamazoo, Michigan. First, as Defendant's Rule 78 Motion shows, the Defendant is content to have the court dispense with any hearing. It is difficult to conceive of the need to put the government to the extraordinary burden, risk, and expense of transporting the Defendant for a hearing at which even he does not regard his appearance as necessary. Second, the court will not be taking evidence on October 13, 2010, so there is no need for the Defendant's testimony. Third, the court has afforded the Defendant ample opportunity to obtain counsel to represent him in this civil proceeding. The court has considered the various factors set forth in *Holt v. Pitts*, 619 F.2d 558, 561-62 (6th Cir. 1980) -- none of which the Defendant addresses in the *Habeas* Motion -- and concludes that relief is not warranted. The Defendant's incarceration undoubtedly hampers his participation in this proceeding, but this is but one of the many consequences of his criminal activity, part of the liberty he lost upon conviction. At this pretrial stage of proceedings, the court will deny the *Habeas* Motion. *Id.* (drawing distinction between pretrial proceedings and trial).

Finally, the court will not appoint counsel to assist the Defendant in this adversary proceeding. The Defendant has no right to the appointment of counsel in a civil proceeding, such as this adversary proceeding. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26-27, *reh. denied*, 453 U.S. 927 (1981); *In re Fitzgerald*, 167 B.R. 689, 691 (Bankr. N.D. Ga. 1994).

---

[1] If the court were inclined to grant the writ, it would consider making a report and recommendation to the United States District Court as a matter of courtesy and convenience because that court has established relationships and procedures with the United States Marshal.

Moreover, the court has previously expressed its view that the Defendant is no longer entitled to proceed without the prepayment of filing fees under 28 U.S.C. § 1915(g). If the court is not willing to waive filing fees, it is certainly not willing to compel the federal government to foot the bill for counsel. The court will deny the Counsel Motion.

The court will carefully consider the Defendant's written submissions in advance of the October 13th hearing, and will certainly permit the Defendant to appear through an attorney if he retains one, but the court will not indulge the Defendant's extraordinary and extravagant requests for relief. The disability of his incarceration is the product of his own conduct, and under the circumstances of this case, does not warrant the special accommodations that the Defendant seeks through the three motions addressed in this Opinion and Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

(1) the Rule 78 Motion (DN 162) is DENIED;

(2) the *Habeas* Motion (DN 159) is DENIED;

(3) the Counsel Motion (DN 154) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon David A. Lerner, Esq., Steven A. McGee, Andrea Kurek Slagh, Esq., and Debra A. Guy, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: September 20, 2010**