UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

                                   Case No. DK 08-09465

MICHAEL ALLEN BARLOW and        Chapter 13
JENNIFER ANN GALLAGHER-BARLOW,  Hon. Scott W. Dales

        Debtors.
_____/

MICHAEL ALLEN BARLOW and        Adversary Pro. No. 10-80069
JENNIFER ANN GALLAGHER-BARLOW,

        Plaintiffs,

v.

STEVEN A. MCGEE,

        Defendant,

v.

MERIDIAN TITLE COMPANY and
LYNN BOSS,

        Third-Party Defendants.
_____/

OPINION AND ORDER
DIRECTING ENTRY OF JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
                  United States Bankruptcy Judge

As the court noted in its Order to Show Cause dated January 28, 2011 (the "Show Cause

Order," DN 277), Steven A. McGee ("Defendant") has recently filed two motions that the court

characterized as motions for relief under Fed. R. Civ. P.  58(a) and (d). *See* Motion to

Consolidate Appeals ("Motion to Consolidate," DN 273) and Motion Pursuant to Federal Rule of Civil Procedure 59(e) to Alter or Amend Judgment ("Rule 59 Motion," DN 274, and with the Motion to Consolidate referred to collectively as the "Motions").

The court authorized Michael Allen Barlow and Jennifer Ann Gallagher-Barlow ("Plaintiffs") and Meridian Title Company and Lynn Boss ("Third-Party Defendants") to respond to the Motions, provided they filed their responses by February 4, 2011. The Plaintiffs and Meridian Title Company timely filed their responses to Order to Show Cause (collectively the "Responses," DN 279, 280, & 281). The court has considered the Motions and the Responses.

In their Response (DN 279), the Plaintiffs report that, in large measure, they share the Defendant's desire to consolidate the various appeals, and have stipulated to similar relief before the District Court. It appears that the Plaintiffs do not oppose the Motions to this extent.

Although this court does not have authority to consolidate appeals pending before the United States District Court, it does have authority, in aid of the District Court's jurisdiction, to enter a separate judgment in response to a motion under Fed. R. Civ. P. 58(d).

Given the extraordinary number of motions and other applications for relief filed in this adversary proceeding, the court has entered numerous orders, including orders declaring that the Defendant has no interest whatsoever in the property at 31669 Pokagon Highway, Pokagon Township, Niles, Michigan ("Pokagon Property"), and that he is enjoined from filing papers premised on his supposed ownership or claims of lien. *See* Order Granting Motion for Summary Judgment (DN 198), *see also* Judgment Enjoining Steven McGee (DN 203). In addition, on motion, the court determined that the Defendant's counterclaims against the Third-Party

Defendants are outside the bankruptcy court's jurisdiction, and has therefore dismissed the counterclaims for want of jurisdiction.

In obedience to the single judgment rule, the court ought to have entered a single judgment resolving this matter to avoid confusion regarding the time to appeal, and the document from which the appeal would lie.  As the Defendant has properly asked the court to enter a single judgment under Fed. R. Civ. P. 58(d), and in the absence of opposition, the court has determined to grant the Defendant's Motions by entering a single judgment declaring that he has no interest in the Pokagon Property, and dismissing the counterclaims for lack of jurisdiction.

By directing the Clerk to enter a separate judgment, the court intends simply to comply with Fed. R. Civ. P. 58(a) and the single judgment rule, and in no way diminish the relief previously awarded to the Plaintiffs as memorialized in numerous orders.  In other words, the court fully intends that all orders previously entered (including any orders granting injunctive relief) will continue in force and effect, subject to appellate review of the single judgment to be entered in conformance with this Opinion and Order. *See Prudential Securities, Inc. v. Yingling*, 226 F.3d 668, 670-71 (6th Cir. 2000) ("An appeal from a judgment normally includes all prior nonfinal orders and rulings").  The timeliness of any of the Defendant's notices of appeal, or the propriety of permitting him to seek review without the payment of filing fees, are matters reserved for the appellate court. *See* Fed. R. Bankr. P. 8001(a).  Similarly, the court predicts that the District Court will consolidate appeals before Chief Judge Maloney in Civil Action No. 10-1125, while recognizing that this is also a matter reserved to the appellate court.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motions (DN 273 and 274) are GRANTED to the extent they seek an order directing entry of a single judgment under Fed. R. Civ. P. 58, and otherwise are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter a separate judgment conforming to this Opinion and Order and Fed. R. Civ. P. 58.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order (and the judgment to be entered) pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon all parties who have appeared in this matter, including Mr. McGee, by first class U.S. Mail, addressed to Steven A. McGee (#10511-040), LSCI Allenwood, P.O. Box 1000, White Deer, PA 17887, and transmit this Opinion and Order (and the judgment to be entered) to the United States District Court.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: February 04, 2011**